# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **KEVIN NIEVES MARIN**<br>SSN xxx-xx-8845<br><br>Debtor(s) | CASE NO: **22-02163-ESL**<br><br>**Chapter 13** |

## STANDING CHAPTER 13 TRUSTEE §341 MEETING MINUTES AND REPORT ON CONFIRMATION

Petition Filing Date: **07/26/2022**

Days From Petition Date: **125**

910 Days Before Petition: **01/28/2020**

Chapter 13 Plan Date: **07/26/2022** ☐ Amended

This is Debtor(s) **1** Bankruptcy petition.

Payment(s) ☐ Received or ☐ Evidence shown at meeting:

Check/MO# _____

Date: _____    Amount: $ _____

First Meeting Date: **08/31/2022 at 8:40AM**

341 Meeting Date: **11/28/2022 at 1:00PM**

Confirmation Hearing Date: **09/21/2022 at 10:30AM**

Plan Base: **$86,400.00**   Plan Docket #**2**

This is the **3** scheduled meeting.

Total Paid In: **$0.00**

*APPEREANCES:   ☐ Telephone    ☐ Video Conference

Debtor: ☐ Present ☒ Absent ☐ ID & Soc. OK          Joint Debtor: ☐ Present ☐ Absent    ☐ ID & Soc. OK

☐ Examined       ☒ Not Examined under Oath          ☐ Examined     ☐ Not Examined under Oath

Attorney for Debtor(s): ☐ Not Present ☐ Present

Name of Attorney Present (Other than Attorney of Record): _____

☒ Pro-se

☒ Creditor(s) Present          ☐ None

Nishma Torres; Felix Torres Molina; Jose Campos; C. Gonzalez -- UST

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **PRO SE***

Total Agreed: **$0.00**     Paid Pre-Petition: **$0.00**    Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S REPORT ON CONFIRMATION & STATUS OF §341 MEETING

Debtor's/s' Commitment Period: ☐ Under Median Income 36 months   ☐ Above Median Income 60 months §1325(b)(1)(B)

Projected Disposable Income: $ _____

☐ The Trustee cannot determine debtor's/s' commitment period at this time.

Liquidation Value: $ _____     Estimated Priority Debt: $ _____

**If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00**

The Trustee:   ☐ NOT OBJECTS   ☐ OBJECTS   Plan Confirmation   Gen. Uns. Approx. Dist.: ____ %

§341 Meeting   ☐ CONTINUED   ☒ NOT HELD   ☐ CLOSED

☐ HELD OPEN FOR ____ DAYS until _____ pursuant to 1308. After this date the meeting is deemed CLOSED.

§341 Meeting Rescheduled for: _____

Comments: Debtor failed to appear or give an excuse for his absence. Motion to Dismiss was filed on 11/1/2022 at Docket 35.

---

*TRUSTEE'S OBJECTIONS TO CONFIRMATION: NOTICE: LBR 3015-2(c)(6) The debtor must within seven (7) days after service of the objection file either: (A) an amended plan that addresses each objection; or (B) a reply setting forth the facts and legal arguments that give rise to the reply in sufficient detail to allow each objector, if possible, to reconsider and withdraw its objection.

[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]

Debtor has failed to provide all the information needed for the Trustee to adequately comply with his duties (DSO claimant contact information, bank account information, employer postal address, etc.) This information is collected through an electronic form identified as "Debtor Certification." Debtors may access the Debtor's Certification Form in the Trustee's web site or through the following link: https://www.ch13-pr.com/debtors/debtor-certification .This form must be filled before confirmation of the plan.

Debtor have failed to submit evidence of income made during the 6 month period prior to the filing of the case (Jan 2022 - June 2022). The Trustee cannot verify adequately Means Test data without evidence of income. Debtor's commitment period cannot be determined at this time. Trustee to verify income (Schedule I and MT) once this evidence is submitted.

Debtors failed to include full employers information in Schedule I.

Debtor has failed to submit evidence to sustain the value given to car listed in schedule A/B.

Debtor has failed to submit complete contact information of the DSO claimant/s. Debtor must submit claimant's/s' address and telephone number.

[1325(a)(6)] Payment Default Feasibility – Debtor(s) is in default with proposed plan payments, to the trustee and/or creditor(s).

Debtor has failed to commence making plan payments. Debtor is $1,800.00, or 3 months, in arrears with the Trustee.

[1325(a)(6)] Feasibility – Debtor(s) does not has/have the capacity to make proposed plan payments.

Plan payments increase on months 13 and 25. Debtor has failed to submit evidence of the source of funds to justify step ups.

[1325(a)(8)] DSO Payment Default – Debtor(s) is in default with post-petition DSO payments.

Debtor has failed to provide evidence of being current with post-petition DSO payments up to the present date. Furthermore, debtor must continue providing such evidence up to case confirmation.

[1325(a)(9)] Tax Requirements – Debtor(s) fails to comply with Tax Return filing requirement of [1308].

Debtor has failed to submit evidence of the compliance with the filing of the (local) tax returns pertaining to the year(s) 2018-2021

pertaining to the year(s) 2018-2021.

**Part 8: Nonstandard Plan Provisions**

- Section 8.1- Nonstandard Plan Provisions: Debtor failed to follow instructions in section 8.1- "Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph".

*OTHER COMMENTS / OBJECTIONS

Plan fails to provide for Priority Claims POC#1 - #19.

Debtor has failed to commence making plan payments. Also, Debtor has failed to submit evidence of income, as has been requested since the beginning of the case.

/s/ Jose R. Carrion, Esq.   Meeting Date: Nov 28, 2022
      **Trustee**

/s/ Alexandra Rodriguez, Esq., Presiding Officer

Last Docket Verified: 35   Last Claim Verified: 21   **Case Administrator: Alexandra Rodriguez**